### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXANDER BAYONNE STROSS,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| -vs-    ) | Case No. CIV-22-108-F |
| ) | |
| MULINEX, INC., GRADY KENT    ) | |
| CARTER, AND HOME BOY    ) | |
| INCORPORATED,    ) | |
| ) | |
| Defendants.    ) | |

## **ORDER**

Before the court is Defendants' Motion to Dismiss, filed March 8, 2022. Doc. no. 8. Plaintiff has responded, opposing dismissal. Doc. no. 10. Although the time for reply has not expired, the court concludes that no reply is warranted.

Defendants seek to dismiss plaintiff's complaint, pursuant to 5A O.S. § 5.5, LCvR83.6(c), and (h), LCvR83.3 and LCvR83.4, because plaintiff's counsel is not authorized to practice law in Oklahoma, he has not been admitted *pro hac vice*, and he has not associated with local counsel.

Plaintiff responds that his counsel was admitted to the bar of this court on June 24, 2021, and that his counsel did not understand that LCvR83.3 required him to associate with local counsel if he was duly admitted to the bar. If that is required, plaintiff requests 30 days in which to engage local counsel.

Because counsel is duly admitted and qualified to practice in this court, the court finds that counsel has not engaged in the unauthorized practice of law and that it is unnecessary for counsel to be admitted *pro hac vice*. Additionally, the court, in its discretion and pursuant to LCvR83.3(c), grants plaintiff's counsel relief from

LCvR83.3(a)'s requirement of associating with local counsel. As such, the court finds dismissal of plaintiff's complaint is not appropriate.

Accordingly, Defendants' Motion to Dismiss, filed March 8, 2022 (doc. no. 8) is **DENIED**.

IT IS SO ORDERED this 30th day of March, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0108p001.docx